# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JOSEPH DINGLER,**                                                        **PETITIONER**

**v.**                      **No. 2:10CV53-M-A**

**ATTORNEY GENERAL JIM HOOD**                                 **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Joseph Dingler for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to state a claim upon which relief could be granted, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed for failure to state a claim.

### Facts and Procedural Posture

The petitioner, Joseph Dingler, pleaded guilty to one count of Cyberstalking in the Circuit Court of Desoto County, Mississippi, on May 25, 2010. He was sentenced to serve forty-eight days in the custody of the Mississippi Department of Corrections ("MDOC") and to serve one year and 317 days of post-release supervision. Dingler has filed neither a direct appeal of his sentence nor a motion for post-conviction relief following this conviction.

### Discussion

The instant *habeas corpus* petition must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dingler is not entitled to relief because it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30

L.Ed.2d 652, 654 (1972) (quoting *Conley v. Gibson*, 355 US. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). The allegations in the petition do not state a claim of constitutional magnitude and are thus beyond the court's power to review.

To prosecute a *habeas corpus* petition, Dingler must show that he was deprived of his liberty in violation of a right secured to him by the Constitution, laws, or treaties of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). If he cannot show such a deprivation, then his claim must fail. *Irving, supra* at 1216.

In the instant Petition for Writ of Habeas Corpus, Dingler raises the following issues (verbatim as set forth in the *pro se* petition):

Ground One: Violation of 1st Amendment

Ground Two: Statute lacks jurisdiction detrimental effects test

Ground Three: Fourteenth Amendment Equal Protection, Due process violation
Bills of Attainder.

Below each ground, Dingler requests that the court "see memorandum in support." (ECF, doc. 1). However, no such document was submitted to the court – even after the state pointed out this deficiency in its motion to dismiss. Dingler offers no supporting argument or facts for his claims, rendering them "'mere conclusory allegations[, which ] do not raise a constitutional issue in a habeas proceeding.' *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). As such, the petition must be dismissed.

Dingler states in his response to the state's motion to dismiss that the court has misconstrued the instant petition. He argues that the petition for a writ of *habeas corpus* was

filed under 28 U.S.C. § 2241, the general *habeas corpus* statute, not 28 U.S.C. § 2254, the statute prisoners who are attacking state court judgments must use. He does not, however, explain how the court's disposition of the matter would differ through analysis under § 2241. Indeed, the court can discern no difference. As such, whether analyzed through § 2254 or § 2241, the instant petition fails to state a constitutional claim and must be dismissed.

The petition for a writ of *habeas corpus* will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.[1] A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 23rd day of November, 2010.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] As the state makes clear in its motion to dismiss, Dingler also failed to exhaust state remedies, and, in the alternative, the court could dismiss the petition for that reason, as well.